United States District Court
Southern District of Texas
**ENTERED**
February 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER AND CLAUDIA LEGASPI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3957 |
| | § | |
| ALLSTATE INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Javier and Claudia Legaspi ("Plaintiffs"), filed this action on October 21, 2018, against defendants, Allstate Insurance Company ("Defendant"), asserting a claim for breach of contract arising from Defendant's alleged failure to pay a claim made against a flood insurance policy. Pending before the court is Motion for Summary Judgment on Behalf of Allstate Insurance Company ("Defendant's MSJ") (Docket Entry No. 15), and Defendant's Motion to Strike Plaintiff's Untimely Response (Docket Entry No. 24). For the reasons stated below Defendant's MSJ will be granted, and Defendant's Motion to Strike Plaintiffs' Untimely Response will be declared moot.

## I. **Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56. Disputes about

material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2511 (1986). A "party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not <u>negate</u> the elements of the nonmovant's case." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (<u>en banc</u>) (per curiam) (quoting <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986)). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." <u>Id.</u> If, however, the moving party meets this burden, Rule 56 requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. <u>Id.</u> "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." <u>Little</u>, 37 F.3d at 1075.

## II.   **Factual and Procedural Background**

Defendant is a Write-Your-Own ("WYO") Program carrier participating in the United States Government's National Flood

Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"), 42 U.S.C. § 4001, et seq. As a participant in the NFIP, Defendant issues and services Standard Flood Insurance Policies ("SFIP") and handles all aspects of flood insurance claims filed against SFIPs that it issues.[1] Jason Raske is the Flood Field Manager for the Defendant's flood business, and is authorized as the corporate representative of the Defendant, and the custodian of record for the claims at issue in this action.[2]

Plaintiffs held a Dwelling Form Standard Flood Insurance Policy ("SFIP") bearing Policy No. 1807607369 issued by the Defendant for the property located at 11923 Pompton Drive, Houston, Texas 77089, that was in full force and effect in August of 2017 when Hurricane Harvey hit the Houston Metropolitan Area. Plaintiffs' SFIP had building limits of $131,000.00 and a deductible of $2,000.00, but did not provide contents coverage.[3]

---

[1] Affidavit of Jason Raske ("Raske Affidavit"), Exhibit A to Defendant's Memorandum in Support of Motion for Summary Judgment on Behalf of Allstate Insurance Company ("Defendant's Memorandum of Support for MSJ"), Docket Entry No. 15-2, p. 1 ¶ 1. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2] Id.

[3] Id. at 3 ¶ 8. See also Declaration Page for SFIP No. 1807607369 issued by Defendant, Exhibit D to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, p. 53.

Plaintiffs' Dwelling Form SFIP is itself a codified federal law, found in its entirety at 44 C.F.R. Part 61, Appendix A(1).[4]

On August 28, 2017, Plaintiffs reported a claim under their SFIP for damages to the property as a result of a flood that occurred on August 26, 2017.  Defendant acknowledged the claim and assigned the loss to an independent adjuster pursuant to Article VII(J) of the SFIP.[5]  The independent adjuster completed an estimate of what he deemed to be damages that were caused by the August 25, 2017, flood, covered and payable under the SFIP.[6]  Defendant reviewed and verified the adjustment and recommendations of the independent adjuster for Plaintiffs' flood claim, and determined that the covered and payable amount of the claim for the building pursuant to the SFIP was $64,518.70; the independent adjuster issued Proof of Loss documents to Plaintiffs for that amount, which Plaintiff Javier Legaspi signed on November 22, 2017.[7]  On November 28 and 29, 2017, Defendant sent letters to

---

[4]<u>Id.</u> at 2 ¶ 3.  <u>See also</u> Dwelling Form, Exhibit C to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, pp. 21-49.

[5]<u>Id.</u> at 3 ¶ 9.  <u>See also</u> Exhibit E to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, pp. 54-56.

[6]<u>Id.</u> ¶ 10.  <u>See also</u> Exhibit F to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, pp. 57-116.

[7]<u>Id.</u> at 3-4 ¶ 11.  <u>See also</u> Proof of Loss, Exhibit G to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, pp. 87-88.

Plaintiffs conveying payment for the damages to their building that were covered and payable.[8]

Plaintiffs filed this action for breach of contract against Defendant on October 21, 2018, alleging breach of their SFIP.[9]

## III.   **Analysis**

Defendant argues that it is entitled to summary judgment on Plaintiffs' breach of contract claims because Plaintiffs failed to submit a proper Proof of Loss supported by sufficient documentation of the loss in compliance with Article VII(J) of their SFIP and that as a result Plaintiffs failed to satisfy the conditions precedent to filing this action as stated in Article VII(R) of the SFIP.[10]   Plaintiff responds that the defendant is not entitled to summary judgment because they "timely submitted proofs of loss to Allstate that met the requirements of Article VII(J) of the SFIP."[11]

---

[8]Id. at 4 ¶ 12.   See also Exhibit H to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, pp. 89-90.

[9]Plaintiffs' Original Complaint, Docket Entry No. 1.

[10]Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-1, p. 7.   See also Defendant's Reply Memorandum in Support of Motion for Summary Judgment and Motion to Strike Plaintiff's Untimely Response ("Defendant's Reply"), Docket Entry No. 24, pp. 11-14.

[11]Plaintiffs' Amended Response to Defendant Allstate Insurance Company's Motion for Summary Judgment ("Plaintiffs' Amended Response"), Docket Entry No. 17, p. 4 ¶ 12.

## A.   Applicable Law: The National Flood Insurance Act

The United States Government's NFIP was established by the NFIA, 42 U.S.C. §§ 4001-4129, to provide flood insurance with reasonable terms and conditions to those in flood-prone areas.   The NFIP is administered by the Federal Emergency Management Agency ("FEMA").   42 U.S.C. § 4101.   See Wright v. Allstate Insurance Co., 415 F.3d 384, 386 (5th Cir. 2005).   FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of a Standard Flood Insurance Policy ("SFIP").   44 C.F.R. § 61.4(b).   See Wright, 415 F.3d at 386 (citing Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998)). A SFIP can be issued by a WYO insurance provider directly to consumers, but "[p]ayments on SFIP claims come ultimately from the federal treasury."   Wright, 415 F.3d at 386.   Because flood claims are paid by the federal treasury, the provisions of an SFIP must be strictly construed and enforced.   See Wright, 415 F.3d at 387; Gowland, 143 F.3d at 954.   "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."   Wright, 415 F.3d at 388 (citing Heckler v. Community Health Services of Crawford County, Inc., 104 S. Ct. 2218, 2225 (1984)).

Disputes arising out of NFIP policies are governed by federal common law.   Spence v. Omaha Indemnity Insurance Co., 996 F.2d 793, 796 (5th Cir. 1993).   Because NFIP claims are paid through treasury

funds, the Fifth Circuit has long recognized that the terms and conditions of SFIPs must be "strictly construed and enforced." *Ferraro*, 796 F.3d at 532 (quoting *Gowland*, 143 F.3d at 954).  In order to recover under an SFIP, FEMA regulations require strict compliance with the SFIP itself. *Marseilles Homeowners Condominium Association Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053, 1057 (5th Cir. 2008).  *See also Monistere v. State Farm Fire & Casualty Insurance Co.*, 559 F.3d 390, 396 (5th Cir. 2009) ("a policy of 'insurance issued pursuant to a general program must be strictly construed and enforced. . .'").  This requirement is also incorporated into the language of the SFIP.  Article VII(R) of the SFIP states that a claimant "may not sue [ ] to recover money under this policy unless [the claimant has] complied with all the requirements of the policy."  44 C.F.R. pt. 61, app. A(1), art. VII(R).  Therefore, in order to file suit under the SFIP, the claimant must "show prior compliance with all policy requirements." *Marseilles*, 542 F.3d at 1055.  Strictly construing this provision of the SFIP, Plaintiffs must comply with all of the policy's requirements in order to recover in this action.

**B.    Compliance with SFIP Requirements**

Citing *Ferraro v. Liberty Mutual Insurance Co.*, 796 F.3d 529 (5th Cir. 2015), Defendant argues that Plaintiffs cannot recover any additional payments under the SFIP and that their claims for breach of contract must be dismissed with prejudice because

-7-

> Plaintiffs failed to submit a proof of loss with
> sufficient documentation supporting their claim for
> additional funds within 60 days of the flood loss as
> required by SFIP Article VII(J)(3), (4), and (5), within
> any extended deadline or prior to filing suit.[12]

Defendant argues that

> Plaintiffs' failure to comply with all of the provisions
> of their SFIP prior to the 60 day deadline, any extended
> deadline and prior to filing suit violated SFIP Article
> VII(R).  As such, Plaintiffs failed to satisfy all
> conditions precedent prior to filing the instant lawsuit
> as required by Article VII(R) of the SFIP, which is a
> complete bar to their recovery as a matter of federal
> law.[13]

Under the SFIP issued through Defendant, Plaintiffs are required to "[g]ive prompt written notice" of flood damage and "[p]repare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." 44 C.F.R. pt. 61, app. A(1), art. VII(J).  Plaintiffs are instructed to "[a]ttach all bills, receipts, and related documents" to the inventory. Id. Additionally, Plaintiffs must file a timely, sworn "proof of loss," which must include "[s]pecifications of damaged buildings and detailed repair estimates."  Id.  Plaintiffs are instructed to use their "own judgment concerning the amount of loss and justify that amount."  Id.  The requirement to file a proof of loss is found in Article VII(J)(4) of the SFIP, which states:

---

[12]Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-1, p. 8.

[13]Id. at 9.  See also id. at 15 ("Plaintiffs failed to comply with all of the provisions of their SFIP prior to filing this lawsuit.  See SFIP Arts. VII(J) & (R) at Appx. pp. 40 & 42-43.").

J.    REQUIREMENTS IN CASE OF LOSS

In case of a flood loss to insured property, you must:

    1.    Give prompt written notice to us;

                .  .  .

    4.    Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

        a.    The date and time of loss;

        b.    A brief explanation of how the loss happened;

        c.    Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

        d.    Details of any other insurance that may cover the loss;

        e.    Changes in title or occupancy of the covered property during the term of the policy;

        f.    Specifications of damaged buildings and detailed repair estimates;

        g.    Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

        h.    Details about who occupied any insured building at the time of loss and for what purpose; and

                .  .  .

     5.    In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.[14]

1.    <u>Plaintiffs Failed to File a Timely Proof of Loss for the Amounts Being Sought in this Action</u>

Asserting that "[t]he only proof of loss in the record is the proof of loss prepared by the Independent Adjuster and executed by Plaintiff Javier Legaspi [on November 22, 2017,] for the original claim payment,"[15] and that "Plaintiff Javier Legaspi admits that he has never signed an additional proof of loss form,"[16] Defendant argues that

> Plaintiffs did not support their current claim for additional benefits under the SFIP by timely submitting a proper Proof of Loss supported with documentation or specifications of damaged buildings and detailed repair estimates within the sixty (60) day Proof of Loss deadline or at any time prior to filing suit to prove compliance with the provisions of their SFIP and that they are entitled to the additional flood benefits they now seek in this lawsuit.[17]

Defendant supports this argument with the Affidavit of Jason Raske, the Flood Field Manager for Allstate's flood business, the

---

[14]Exhibit C to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, p. 40.

[15]Defendant's Memorandum of Support, Docket Entry No. 15-1, p. 16 (citing Exhibit G, Proof of Loss, Docket Entry No. 15-2, pp. 87-88).

[16]<u>Id.</u> (citing Exhibit J to Defendant's Memorandum of Support for MSJ, Oral Deposition of Javier Palacios Legaspi ("Legaspi Deposition"), p. 51:13-15, Docket Entry No. 15-2, p. 95).

[17]<u>Id.</u>

authorized corporate representative of Allstate, and the custodian of record for Plaintiffs' claim file for the claims at issue in this action.  In pertinent part Raske states:

> Plaintiffs have never submitted a supplemental proof of loss to support their claim for additional payment for flood damage to their property for the August 25, 2017 flood loss.  Further, any supporting documentation provided by Plaintiffs were submitted after suit was filed.[18]
>
> Plaintiffs reply that they
>
> submitted directly to Allstate a new proof of loss on or about July 30, 2018, along with a construction professional's full estimate for the necessary repairs and replacement of Plaintiffs flood damaged property. Allstate denied Plaintiffs' proof of loss and failed to provide property payment under the policy.  This denial has been documented in documents provided by Allstate.[19]

In support of their argument Plaintiffs have submitted the following summary judgment evidence:

Exhibit 1 -   Proof of Loss documentation produced by Allstate

Exhibit 2 -   Relevant Internal Claim History produced by Allstate

Exhibit 3 -   Additional Proof of Loss Documentation Provided to Allstate.[20]

---

[18]Raske Affidavit, Exhibit A to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, p. 4 ¶ 14.

[19]Plaintiffs' Amended Response, Docket Entry No. 17, p. 2 ¶ 6.

[20]Id. at 3 ¶ 11.

Plaintiffs assert that they "provided Allstate with documentation and support showing an additional proof of loss was sent to claims@claims.allstate.com on July 30, 2019."[21]

Asserting that Plaintiffs' response is full of conclusory statements, Defendant replies that it is entitled to summary judgment because undisputed evidence establishes that Plaintiffs claim for additional benefits is not supported by a timely-filed Proof of Loss and that the evidence Plaintiffs have attached to their response is not capable of raising a genuine issue of material fact for trial.[22]   Defendant also submits a second Affidavit from Jason Raske stating in pertinent part:

> Prior to receipt of Plaintiffs' Amended Responses on February 7, 2020, Allstate has never received nor seen the purported proof of loss contained in Plaintiffs' Exhibit 3 attached to Plaintiffs' Amended Response. Allstate did not receive any documents set forth in Exhibit 3 before suit was filed.[23]

Raske also states:

> The claims@claims.allstate.com email is Allstate's email distribution box where policyholders can send in any correspondence as long as they provide their claim number in the subject line.  When using the correct claim number, the information feeds into Allstate's system of record, NextGen.  When an email is received, a record is created, tasks are generated and those tasks are monitored by Allstate's claims team and addressed accordingly based on the information submitted. An email sent without a claim number in the subject line is

---

[21]Id. at 4 ¶ 14.

[22]Defendant's Reply, Docket Entry No. 24, pp. 8-13.

[23]Affidavit of Jason Raske, Docket Entry No. 24-1, p. 2 ¶ 5.

automatically returned to the sender by the email system with a notification as undelivered.

In the first email contained in Plaintiffs' Exhibit 3, the claim number was not placed in the subject line. Therefore, the email did not get completed.

In the second email contained in Plaintiffs' Exhibit 3, the desired email address contained a typographical error of "clsims@claims.allstate.com" instead of claims@claims.allstate.com (emphasis added). Since "claims" was misspelled incorrectly, the email did not get completed.[24]

Plaintiffs cite no summary judgment evidence capable of refuting Defendant's assertion that Plaintiffs did not file a Proof of Loss for the amount be sought in this action prior to date on which Plaintiffs filed their Amended Response to Defendant's MSJ. Although Exhibit 3 to Plaintiffs' response to Defendant's MSJ purports to be "Additional Proof of Loss Documentation Provided to Allstate,"[25] and Plaintiffs assert that they "provided Allstate with documentation and support showing an additional proof of loss was sent to claims@claims.allstate.com on July 30, 2019,"[26] Plaintiffs have failed to submit any summary judgment evidence capable of refuting Raske's affidavit statement that Plaintiffs did not file an additional Proof of Loss before they filed this action. Instead, plaintiffs have submitted only the Proof of Loss that Plaintiff Javier Legaspi signed on November 22, 2017, and the

---

[24]Id. ¶¶ 6-8.

[25]Plaintiff's Response, Docket Entry No. 17, p. 3 ¶ 11.

[26]Id. at 4 ¶ 14.

claims history for the amount that Allstate paid the Plaintiffs in November of 2017.[27]  Moreover, Plaintiff Javier Legaspi testified at his deposition that he signed a Proof of Loss claim on November 22, 2017, in support of the claim that Allstate paid the Plaintiffs in November of 2017, and that he never signed another Proof of Loss.  Referring to the Proof of Loss that he signed on November 22, 2017, Plaintiff Javier Legaspi testified:

> Q.   Okay.  And it's dated November 22nd, 2017.  Is that your handwriting?
>
> A.   Yes.
>
> Q.   Okay.  Do you have any reason to dispute that that's when you made your signature?
>
> A.   No.
>
> Q.   Okay.  So if you add together the net amount claimed -- which is 60,346.98 -- with the supplemental claim on the next page, it should total $64,518.70?
>
>      Does that sound like the amount of money that you received from Allstate?
>
> A.   Yes.
>
>                    . . .
>
> Q.   Okay.  Did you agree with the number from the adjuster's report and from the estimate which are on this Proof of Loss?
>
> A.   At that time, yeah, because I'm not an expert.
>
>                    . . .

---

[27]Id. at 3 ¶ 11 (citing Exhibit 1 - Proof of Loss documentation produced by Allstate, and Exhibit 2 - Relevant Internal Claim History produced by Allstate, Docket Entry Nos. 17-1 and 17-2).

> Q.    Did you ever reach out to the independent adjuster
>       or the insurance company to let you know that you -
>       -- let them know that you weren't satisfied with
>       the amount that you received?
>
> A.    No.
>
> Q.    After you filled out this Proof of Loss form, did
>       you ever fill out a subsequent form like this one?
>
> A.    No.[28]

The issue before the court is whether Plaintiffs' failure to submit a signed and sworn Proof of Loss for the damages being sought in this action before they filed this action prevent them from recovering an amount in addition to the amount they received in November of 2017.  The Fifth Circuit addressed this issue in Ferraro, stating that "[w]hether an insured must submit an additional proof of loss to recover an additional amount on a preexisting claim is a question of first impression in this circuit."  796 F.3d 529, 532 (5th Cir. 2015).  In Ferraro, the insured parties signed a proof of loss and handwrote on their form that they would send a supplement at a later date.  796 F.3d at 530.  They then hired a public adjuster who issued a report valuing their loss at over three times the amount included in their initial proof of loss.  Id.  They submitted the report to their insurance carrier, but they failed to submit a second signed and sworn proof of loss.  Id.  The court determined that the insureds were required

---

[28]Legaspi Deposition, pp. 50:6-51:15, Exhibit J to Defendant's Memorandum of Support for MSJ, Docket Entry No. 15-2, pp. 94-95.

to submit an additional proof of loss to recover an additional amount on a preexisting claim under a SFIP. Id. at 532. The court concluded that "[a]n insured's failure to strictly comply with the SFIP's provisions — including the proof-of-loss requirement — relieves the federal insurer's obligation to pay the non-compliant claim." Id. Therefore, because the insured's additional claim was neither signed nor sworn-to, it could not serve as a proof of loss under the plain terms of the SFIP. Id.

The Fifth Circuit stated in a similar case that "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy." Gowland, 143 F.3d at 954. The court stated:

> As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.

Id. at 954.

Because Plaintiffs have failed to demonstrate that before filing this action they submitted a signed and sworn Proof of Loss for the damages being sought in this action, no genuine dispute of material fact exists as to whether Plaintiffs can recover in this action. Accordingly, Defendant's MSJ will be granted.

-16-

## IV.   <u>Conclusion</u>

For the reasons stated in § III, above, the court concludes that no genuine dispute of material fact exists as to whether Plaintiffs can recover in this action.   Accordingly, the Motion for Summary Judgment on Behalf of Allstate Insurance Company, Docket Entry No. 15, is **GRANTED**.   In light of this Memorandum Opinion and Order, Defendant's Motion to Strike Plaintiffs' Untimely Response (Docket Entry No. 24) is **MOOT**.

**SIGNED** at Houston, Texas, on this 14th day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE